UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| WildEarth Guardians, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-cv-0833 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Sally Jewell, in her capacity as United States Secretary of the Interior, and United States Fish and Wildlife Service, | ) ) ) ) | [Re: Motion at docket 14 ] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 14, the Board of County Commissioners of the County of Gunnison, Colorado ("County") moves to intervene as an interested party, generally seeking to oppose the relief sought by plaintiff WildEarth Guardians ("Plaintiff"). Defendants Sally Jewell, in her capacity as United States Secretary of the Interior, and United States Fish and Wildlife Service ("the Service") (jointly "Federal Defendants") respond at docket 27. Plaintiff did not respond.  County's reply is at docket 28.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Plaintiff's complaint challenges the Service's November 14, 2013 decision

denying Plaintiff's petition to list the Gunnison's prairie dog (*Cynomys gunnisoni*) as an endangered or threatened species pursuant to the Endangered Species Act, 16 U.S.C. § 1531, *et seq.* ("ESA").  Plaintiff contends that the "Service arbitrarily and unlawfully concluded that both subspecies of Gunnison's prairie dog (*C. g. gunnisoni* and *C. g. zuniensis*) are not endangered or threatened throughout all or a significant portion of their range."[1]  Plaintiff alleges that the Service acted in violation of the ESA, citing 16 U.S.C. § 1533(a)(1) of the ESA and 5 U.S.C. §§ 701-706, the judicial review provisions of the Administrative Procedure Act ("APA").

### III.  DISCUSSION

County's motion to intervene is brought pursuant to Fed. R. Civ. P. 24.  The motion does not explain whether intervention is sought as a matter of right under Rule 24(a) or permissively under Rule 24(b).  Federal Defendants do not oppose County's request to intervene to the extent they seek to proceed as a defendant supporting the Service's decision.  Plaintiff has not responded to the motion to intervene.  The court finds that whether or not County can qualify to intervene under Rule 24(a), it's motion papers demonstrate a sufficient interest in the issues raised in the litigation to support permissive intervention under Rule 24(b).

The County's proposed Answer In Intervention and Counterclaim by the Board of County Commissioners of the County of Gunnison, Colorado ("Proposed Answer and Counterclaim")[2] responds to Plaintiff's complaint, and as its title indicates also includes

---

[1] Doc. 1 at 2 ¶¶ 1–5.

[2] Doc. 20.

2

a "counterclaim" against Federal Defendants.[3]  The counterclaim reads in its entirety: "Defendants arbitrarily and capriciously differentiated the Gunnison's Prarie Dog into two subspeciees: *Cynomys gunnisoni* and *C.g. zuniensis*."[4]  Federal Defendants do oppose inclusion of the counterclaim.  Plaintiff has not addressed the issue.

Federal Defendants' first argument against County's effort to plead its counterclaim is that the claim is a "citizen suit" brought under the ESA which requires the County to file a notice of intent to sue the Secretary of the Interior sixty days before filing the claim in court.  Federal defendants effectively rely on two statutory provisions.  The first provision is 16 U.S.C. § 1540(g)(1)(C) which authorizes a citizen to sue the Secretary, "where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary."  The second provision is 16 U.S.C. § 1540(g)(2)(C) which, as pertinent here, precludes commencing an action pursuant to the first provision "prior to sixty days after written notice has been given to the Secretary."

County concedes that it has not given written notice to the Secretary.  Thus, if notice is required, the counterclaim cannot proceed.[5]  To avoid the problem County contends that its claim is not truly a citizen suit, but rather "lies independently under the ESA citizen suit provisions and the Administrative Procedure Act."[6]  County relies on

---

[3]Because County is generally seeking to intervene as a defendant, County's proposed counterclaim might more accurately be styled a cross-claim.  *See* Fed. R. Civ. P. 13(g).

[4]*Id*. at 25.

[5]16 U.S.C. § 540(g)(2); *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998).

[6]Doc. 28 at 2.

the Supreme Court's decision in *Bennett v. Spear*[7] to support its argument.

In the *Spear* decision, the petitioners, Bennett *et al.*, challenged a biological opinion issued by the Secretary under the ESA concerning the Klamath Irrigation Project and its impact on two species of endangered fish. The petitioners had water rights which would be negatively impacted by the Secretary's decision. The claims presented in *Spear* were described by the Court in some detail as follows:

> Petitioners' complaint included three [relevant claims]. The first and second claims allege that the Service's jeopardy determination [and resultant] imposition of minimum water levels violated . . . 16 U.S.C. § 1536. The third claim is that the imposition of minimum water elevations constituted an implicit determination of critical habitat for the [fish,] which violated . . . 16 U.S.C. § 1533(b)(2), because it failed to take into consideration the designation's economic impact. Each of the claims also states that the relevant action violated the APA's prohibition of agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[8]

The Court first held that petitioners had standing to pursue the three claims. The court next held that the third claim could properly be pursued pursuant to the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(1)(C). The Court then held that the first two claims could not be pursued under the ESA because they alleged violations of 16 U.S.C. § 1536 rather than § 1533.[9]

Having decided the first two claims could not be maintained under the ESA, the Court discussed whether they were viable under the APA which provides a right to sue for arbitrary and capricious actions "for which there is no other adequate remedy in a

---

[7]520 U.S. 154, 175 (1997).

[8]*Id*. at 160.

[9]*Id*. at 174.

court."[10]  Ultimately the Court held: "Petitioners' § 1533 claim is reviewable under the ESA's citizen suit provision, and petitioners' remaining claims are reviewable under the APA."[11]

For purposes of the dispute at hand the teaching of *Spears* is that a claim alleging a violation of § 1533 is a citizen suit to be pursued under the ESA, while a claim alleging violation of § 1536 is not a citizen suit and may be pursued under the APA.  The question thus becomes what is the basis for the proposed counterclaim.

It is useful to begin with an examination of Plaintiff's complaint which provides context for the Proposed Answer and Counterclaim.  It is plain from that examination that Plaintiff's complaint is based exclusively on actions which Plaintiff believes violated § 1533.[12]  The fact that Plaintiff's complaint also invokes the arbitrary and capricious standard of review established by the APA does not mean that the claim it presents is not a citizen suit seeking a remedy for violations of § 1533.[13]

Against the scope of the litigation framed by Plaintiff's complaint, the court now turns to the counterclaim.  As noted above, the counterclaim is stated in a single, short, conclusory sentence.  It is clear from the Proposed Answer and Counterclaim that

---

[10]*Id*. at 175 (quoting 5 U.S.C. § 704).

[11]*Id*. at 179.

[12]*See* doc. 1 at 2 ¶ 4 (alleging Plaintiff gave the required 60 day notice); *id.* at 2 ¶ 2 (invoking right to sue pursuant to § 1540(g)); *id.* at 4 ¶ 11, 6–7 ¶¶ 21–23, 8–10 ¶¶ 26–35, and 19–40 ¶¶ 67–141 (all either explicitly referencing § 1533 or addressing considerations related to a § 1533 violation).  The only reference to § 1536 is in ¶ 24 which merely points out that a consequence of the failure to list the species would eliminate the requirement for other agencies to consult the Secretary about the Gunnison's prairie dog, because the Secretary has not listed it.

[13]*Spear*, 520 U.S. at 179.

County opposes the §1533 claims brought by Plaintiff. There is nothing in the document to suggest that the counterclaim rests on Federal Defendants' violation of some other statutory provision. The counterclaim pleads no facts and cites no statute. There is nothing in the counterclaim which says that it is based on a violation of § 1536, a claim which would be viable under the APA despite the lack of notice. Construed in the context framed by Plaintiff's complaint and the counterclaim's own lack of information, it would be reasonable to assume that the counterclaim, too, is predicated on a violation of § 1533. Of course, if that were so, the counterclaim would need to be pursued as a citizen suit under the ESA.[14] Because no notice of a citizen suit was given by the County, if the counterclaim rests on a violation of § 1533 it would be foreclosed.[15]

While it is reasonable to assume the counterclaim is based on an alleged violation of § 1533, County's reliance on *Spears* in its reply memo suggests that County may believe the counterclaim rests on § 1536. However, the reply does not actually say that it is, much less does it indicate which of the numerous discrete subsections within § 1536 was violated.[16] Given the lack of content in the counterclaim, the court cannot determine its basis. It is inappropriate to permit County to proceed on such a shapeless and vague counterclaim. It does not give fair notice to the other litigants of the issues it raises. As the Ninth Circuit has said in a different context, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

---

[14]*Id.*

[15]*Sw. Ctr. For Biological Diversit*, 143 F.3d at 520.

[16]Doc. 28 at 2-3.

inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[17]  Here it is impossible to determine whether the counterclaim is based on a violation of some provision of the ESA other than § 1533.  Consequently, it is impossible to determine whether the counterclaim is  plausibly suggestive of entitlement to relief under the APA despite the failure to give the sixty day notice.

Federal Defendants also argue that a decision by this court on whether the Gunnison's prairie dog should be considered to consist of two separate species would amount to an advisory opinion.[18]  County contends to the contrary.  The fact that the basis for the counterclaim is unknown makes it impossible to address this issue.

Federal Defendants do not object to intervention by County so long as County's answer does not include the counterclaim set out in its proposed Answer and Counterclaim.  Plaintiff stands moot on the question of intervention.  As explained above, the counterclaim is too vague to be permitted.  Under these the circumstances, the court concludes that County may intervene, but its answer may not include the counterclaim set forth in the Proposed Answer and Counterclaim.

## IV.  CONCLUSION

For the reasons above, the motion at docket 14 is GRANTED in part and DENIED in part as follows: (1) County is permitted to intervene as a defendant: (2) County shall excise the counterclaim from the Proposed Answer and Counterclaim and revise the document's title accordingly; and (3) County's Answer shall be filed within 7

---

[17]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[18]Doc. 27 at 3.

7

1 days from the date of this order.

2 DATED this 10th day of July 2014.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE