UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| WildEarth Guardians,<br><br>    Plaintiff,<br><br>  vs.<br><br>Sally Jewel, in her capacity as United States Secretary of the Interior, and United States Fish and Wildlife Service,<br><br>    Defendants,<br><br>  and<br><br>Board of County Commissioners of Gunnison County, Colorado,<br><br>    Intervenor Defendant. | 2:14-cv-00833 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 47] |

## I. MOTION PRESENTED

At docket 47, American Petroleum Institute ("API") and Western Energy Alliance ("Alliance"; collectively "Proposed Intervenors") move to intervene as of right or permissively pursuant to Rule 24 of the Federal Rules of Civil Procedure. Plaintiff WildEarth Guardians ("Plaintiff" or "WEG") opposes the motion at docket 61. Defendants Sally Jewel, in her capacity as United States Secretary of the Interior, and United States Fish and Wildlife Service ("the Service"; collectively "Federal Defendants") respond to Plaintiff's opposition at docket 62, indicating that they take no position on the motion to intervene. The Proposed Intervenors reply at docket 63. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Plaintiff's complaint challenges the Service's November 14, 2013 decision denying Plaintiff's petition to list the Gunnison's prairie dog as an endangered or threatened species pursuant to the Endangered Species Act, 16 U.S.C. § 1531 *et seq*.

("ESA"). Plaintiff contends that the "Service arbitrarily and unlawfully concluded that both subspecies of Gunnison's prairie dog (C.g. gunnisoni and C.g. zuniensis) are not endangered or threatened throughout all or a significant portion of their range."[1]

### III.  DISCUSSION

Intervention as of right under Rule 24(a) requires satisfaction of a four-part test: (1) the applicant must file a timely motion; (2) the applicant must have a "significantly protectable" interest related to the subject matter of the action; (3) the disposition of the action may practically impair or impede the applicant's ability to protect that interest; and (4) that interest must not be adequately represented by the existing parties in the lawsuit.[2]  Rule 24(a) is construed "liberally in favor of proposed intervenor" with the court taking into account practical considerations.[3]

The party seeking to intervene bears the burden of showing all four requirements for intervention have been met.[4]  When ruling on a motion to intervene as a matter of right, the court accepts all of the applicant's non-conclusory allegations as true.[5]

The parties do not contest the fact that the Proposed Intervenors have met the first two requirements for intervention as of right. First, the motion is timely; it was filed prior to any substantive briefing, the court has not yet ruled on any dispositive motion, and intervention will not cause any discovery delays given that the merits are to be determined based on the administrative record. Second, the Proposed Intervenors represent companies with property rights or other protectable interests that are the subject of this action; both API and Alliance represent companies engaged in oil and gas activities with property interests or permits to operate within areas designated by

---

[1] Doc. 1 at 2 pp. 1-5.

[2] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)

[3] *SW Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

[4] *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).

[5] *Berg*, 268 F.3d at 819.

the Service as Gunnison's prairie dog ("GPD") habitat, and Plaintiff specifically challenges the Service's conclusion that oil and gas activities do not negatively affect the GPD.

Plaintiff focuses its arguments on the third and fourth requirements for intervention as of right. Plaintiff asserts that disposition of the case in its favor will not impair or impede the Proposed Intervenors' ability to protect their interests. Plaintiff bases its argument on the fact that the remedy it requests is invalidation of the Service's decision not to list the GPD as endangered or threatened and a remand of the decision back to the Service for additional administrative proceedings. Plaintiff therefore asserts that this lawsuit is not the final say on whether the GPD is listed as endangered and that a decision in Plaintiff's favor still leaves the Proposed Intervenors with an adequate forum to protect their interests in the future. It cites to a district court case, *Friends of the Wild Swan, Inc. v. U.S. Fish and Wildlife Service*,[6] in support. *Wild Swan* also involved parties who sought to intervene in an action brought by environmental groups challenging the Service's decision not to list a particular species as endangered. The court concluded that the proposed intervenors' interests were not in danger of being impaired by the disposition of the case because the remedy in favor of the plaintiffs would be invalidation of the Service's decision and a remand to the agency for further proceedings at which time the intervenors could advocate for their interests.[7]

*Wild Swan*, however, is distinguishable to the situation here. In *Wild Swan* the basis for the Service's decision was "unrelated to the [i]ntervenors' economic interests" and thus the administrative record, and consequently the court's review of that record, would not involve consideration of those interests.[8] Here, the Service's decision was

---

[6]896 F. Supp. 1025 (D. Oregon 1995).

[7]*Id.* at 1028.

[8]*Id.* at 1026.

based in part on a finding that oil and gas activities do not affect the GPD, and Plaintiff specifically seeks to overturn that finding. As noted by the Proposed Intervenors, "[WEG] is attempting to force the Service to undertake a new rulemaking *after* a judgment by this court overturning the Service's prior finding that the GPD is not threatened by, among other things, the activities of API and Alliance members."[9] As a practical matter, then, a ruling in favor of Plaintiff on the issue of the impact of oil and gas activities on the GPD could potentially constrain the Service in a subsequent administrative proceeding and make it reasonably likely to result in a listing of the GPD as endangered or threatened, which would clearly impact the interests of the Proposed Intervenors. The Proposed Intervenors want the opportunity to emphasize and shed light on those portions of the record related to oil and gas activities that support the Service's decision to prevent any disposition of the case that could have a controlling effect on the Service on remand.

Plaintiff also argues that intervention is not warranted under the fourth requirement for intervention as of right because the existing parties adequately represent the interests of the Proposed Intervenors. The burden of showing inadequate representation is minimal; the Proposed Intervenors need only show that representation of their interests by other parties may be inadequate.[10] However, if the existing parties and the Proposed Intervenors share the same "ultimate objective," a presumption of adequacy applies, and the presumption can be rebutted only by "a very compelling showing to the contrary."[11]

Plaintiff argues that the Service and the Proposed Intervenors share the same ultimate objective: both seek to affirm the Service's decision not to list the GPD as

---

[9] Doc. 63 at p. 1.

[10] *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

[11] *Id.* (internal quotations omitted).

endangered or threatened. While the Proposed Intervenors and the Service want the same result, they have distinct reasons for doing so. The Service is merely interested in upholding its administrative process and determination, while the Proposed Intervenors seeks to prevent the listing of the GPD and to provide a rigorous defense as to the impact of oil and gas activities on the GPD. The Proposed Intervenors represent regulated entities with financial interests at stake, and therefore their interests are "potentially more narrow and parochial than the interests of the public at large."[12] The Ninth Circuit has "permitted intervention on the government's side in recognition that the intervenors' interests are narrower than that of the government and therefore may not be adequately represented."[13] Thus, the Proposed Intervenors have sufficiently demonstrated inadequate representation of their interests. With all four elements satisfied, the court concludes that the Proposed Intervenors are entitled to intervention as of right pursuant to Rule 24(a).

Alternatively, the court concludes that permissive intervention pursuant to Rule 24(b) is appropriate as well. Permissive intervention is available to "anyone . . . who has a claim or defense that shares with the main action a common question of law or fact" when the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."[14] Whether to permit intervention in such circumstances is up to the court's discretion.[15] Here, the Proposed Intervenors present defenses that respond directly to Plaintiff's lawsuit. Their request for intervention is timely and will not unduly

---

[12]*Californians for Safe and Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998). *See also Ctr. for Biological Diversity v. Kelly*, No. 1:13-cv-00427, 2014 WL 4104166, at * 8 (D. Idaho Aug. 15, 2014,) ("Although the Service, intervenors, and proposed intervenors are all working to defend the current . . . rule, they each have distinct reasons and policy directives for doing so. The impact of any revision to the rule will be suffered by intervenors, not by the Service.").

[13]*Arakaki,* 324 F.3d at 1087.

[14]Fed. R. Civ. P. 24(b).

[15]*Id.*

delay the proceedings or prejudice the existing parties.  Furthermore, the presence of the Proposed Intervenors would provide a unique perspective on the administrative record as it relates to the impact of oil and gas activities on the GPD, which could be of assistance to the court.

### IV.  CONCLUSION

Based on the preceding discussion, the motion to intervene at docket 47 is GRANTED.  The Proposed Intervenors are directed to file their answer within seven (7) days from the date of this order.  Proposed Intervenors are directed to comply with the scheduling order at docket 68; its response brief and cross-motion for summary judgment must be filed no later than May 15, 2015, and any respective replies must be filed no later than July 17, 2015.  Furthermore, Proposed Intervenors are directed to consult with the Service and with the other Defendant-Intervenor, Gunnison County, before submitting any brief to avoid duplicative arguments and Proposed Intervenors' briefs should focus on arguments related to the potential impacts of oil and gas activities.  The applicable page limits are set forth in the order at docket 40, except that Plaintiff may have an additional eight pages for its reply brief provided that those additional pages respond solely to any new arguments advanced by the Proposed Intervenors.

DATED this 31st day of December 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE