UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WildEarth Guardians, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-cv-00833 JWS |
| | ) | |
| vs. | ) | |
| | ) | |
| Sally Jewel, in her capacity as United | ) | |
| States Secretary of the Interior, and | ) | |
| United States Fish and Wildlife | ) | |
| Service, | ) | ORDER AND OPINION |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Board of County Commissioners of | ) | [Re: Motion at Docket 91] |
| Gunnison County, Colorado, | ) | |
| American Petroleum Institute, and | ) | |
| Western Energy Alliance, | ) | |
| | ) | |
| Intervenor Defendants. | ) | |
| | ) | |
| | ) | |

I.  MOTION PRESENTED

At docket 91, defendants Sally Jewell and the United States Fish and Wildlife

Service ("Federal Defendants") move to strike a portion of the brief filed at docket 85 by

plaintiff WildEarth Guardians ("Plaintiff"), or in the alternative to expand the number of

pages available to Federal Defendants for their reply memorandum in support of their

motion for summary judgment up to 24 pages in length.  Plaintiff responds at docket 92, and Federal Defendants reply at docket 93.  Intervenor defendants Board of County Commissioners of Gunnison County, Colorado ("Gunnison"), American Petroleum Institute ("API") and Western Energy Alliance ("WEA") have not filed any papers concerning the motion at docket 91.  Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

Plaintiff's complaint challenges the United States Fish and Wildlife Services' ("Service") November 14, 2013 decision denying Plaintiff's petition to list the Gunnison's prairie dog as an endangered or threatened species pursuant to the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA").  Plaintiff contends that the "Service arbitrarily and unlawfully concluded that both subspecies of Gunnison's prairie dog (C.g. gunnisoni and C.g. zuniensis) are not endangered or threatened throughout all or a significant portion of their range."[1]  Federal Defendants deny plaintiff's claim.

## III.  DISCUSSION

The court set a briefing schedule for Plaintiff's motion for summary judgment, Federal Defendants' motion for summary judgment and Gunnison's motion for summary judgment and associated responses and replies based on a scheduling conference.[2] That order set page limits for the parties' briefing.  Pertinent here is the limitation setting a 32 page limit for Plaintiff's combined reply supporting its motion and responses to the

---

[1]Doc. 1 at 2 pp. 1-5.

[2]Order at doc. 40.

motions by Federal Defendants and Gunnison.  A later order revised the briefing

schedule based on the parties' stipulation, but did not alter the page limitations originally

set.[3]  Subsequently, the court granted the motion to intervene filed by API and WEG

and set a schedule relating to their briefing.[4]  That order also revised the page limitation

applicable to Plaintiff's combined reply and responses to the other parties' motions as

follows: "Plaintiff may have an additional eight pages for its reply brief provided that

those additional pages respond solely to any new arguments advanced by [API and

WEA]."[5]  A subsequent order modified the briefing schedule, but did not address the

page limits.[6]

At docket 76, Plaintiff filed its memorandum in support of its motion for summary

judgment at docket 75.  Federal Defendants filed their memorandum opposing Plaintiff's

motion for summary judgment and supporting their motion for summary judgment at

docket 81-1.  Gunnison filed a memorandum opposing Plaintiff's motion and supporting

the Federal Defendants' motion at docket 83.  That memorandum adopted the

arguments advanced by the Federal Defendants.  Gunnison also presented several

pages of additional argument.[7]  API and WEA filed their memorandum opposing

Plaintiff's motion and supporting Federal Defendants' motion at docket 84.  In their

---

[3]Order at doc. 68.

[4]Order at doc. 70.

[5]*Id.* at 6.

[6]Order at doc. 80.

[7]Doc. 83 at 3-9.

memorandum, API and WEA point out that to comply with the court's directive to avoid duplicative arguments, they "focus their brief on arguments related to the potential impacts of oil and gas activities and to provide the Court with a different perspective and analysis in support of the Service's Finding."[8]  None of the preceding memoranda exceeds the page limits set by the court.  Plaintiff's combined reply and response memorandum at docket 85 is not quite 34 pages long, so not quite 2 pages over the limit originally set, but well under the maximum 40 pages available provided the extra pages were devoted solely to rebutting arguments made only by API and WEA.

The court concludes that Plaintiff's memorandum is not contrary to the court's orders.  While Plaintiff did not explicitly reference API and WEA's memorandum, Plaintiff devoted about 2 pages of its reply memorandum to the "harmless error" argument which was not raised by either Federal Defendants or Gunnison.  The court has not counted lines, but at most, Plaintiff's reply exceeds the limit established by the court's order by a few lines, something the court considers *de minimis*.  Furthermore, it seems clear from Federal Defendants' argument to the effect that it is unfair to expect them to respond to Plaintiff's reply in 14 pages[9] that Federal Defendants are seeking a reconsideration of the court's existing orders on page limits.

In light of the preceding discussion the court will not strike any portion of the reply memorandum filed by Plaintiff.  However, the pendency of the motion to strike coupled with the limited availability of a biologist upon whom Federal Defendants must rely

---

[8]Doc. 84 at 3, n. 2.

[9]Doc. 93 at 3.

warrants an extension of the time for filing Federal Defendants' reply.  The time will be extended from July 31, 2015, to Wednesday August 12, 2015.

In the course of reviewing the memoranda filed by defendants, the court finds the extent of independent argument advanced by Gunnison, API and WEA to be less (this is not to say anything about the quality of the briefing) than the court anticipated when it set the page limits applicable to Plaintiff's reply and Federal Defendants' reply.  Thus, of its own volition, the court hereby expands the number of pages allowed for the Federal Defendants' reply from 14 pages to 20 pages.

### IV.  CONCLUSION

For the reasons above the motion at docket 91 is DENIED.  Nevertheless, Federal Defendants may file a 20 page reply memo.  In addition, the time for filing Federal Defendants' reply is extended to August 12, 2015.  Federal Defendants are **warned** that due to congestion on the court's own calendar and the need to get the pending motions argued and decided the court is highly unlikely to extend the time for their reply beyond August 12, 2015.

DATED this 22nd day of July 2015.


_____/S/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE